UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTA MITCHELL, on behalf of
herself and others similarly situated

      Plaintiff,

v.                         Case No:   2:15-cv-731-FtM-CM

BLU SUSHI DOWNTOWN LLC,
ERIC MAWBY and EMRAH
SEVINCH,

      Defendants.

_____

## ORDER

Before the Court is the parties' Amended[1] Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. 39), filed on May 17, 2016. The parties provided a copy of the Settlement Agreement for the Court's review. Doc. 39-1.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.   Doc. 37 at 1.

Plaintiffs filed this complaint alleging that Defendant violated the FLSA by failing to pay minimum wages and overtime benefits.   Doc. 1 at 2.   The parties[2] now

---

[1] The parties' previous filed a Joint Motion for Approval of Settlement (Doc. 27).   The Court denied the motion with prejudice because the proposed Settlement Agreement included a general release of claims, a non-disparagement clause and a confidentiality provision. Doc. 38.

[2] Plaintiff Christa Mitchell and opt-in Plaintiff Skyler Scott have come to an agreement with Defendants to settle this matter.   Doc. 37.   Opt-in Plaintiffs Amanda Alviani, Whitney Nash and Kelly Wallace withdrew their consent to join this action.   Doc. 30.

have come to a settlement agreement and consented to the undersigned for approval of the settlement agreement and final disposition of this case.   Doc. 31 at 1.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court previously found the monetary terms of the Settlement Agreement to be fair and reasonable. Doc. 38 at 5. Thus, the Court only will address the non-monetary provisions which previously rendered the agreement unfair.

First, the Court noted that prior proposed Settlement Agreement included a general release of claims and a non-disparagement clause. Doc. 38 at 5. In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement. *Weldon*, 2014 WL 4385593, at *4. In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3. Previously, the parties had not asserted whether Plaintiffs were provided any independent consideration. Thus, the Court was unable to determine whether the settlement was fair and reasonable. Here, in the amended Settlement Agreement, the parties have clarified that Plaintiffs

will receive independent consideration in the amount of $500.00 each in exchange for the general release.   Doc. 39-1 at 1.

Furthermore, the previous Settlement Agreement contain a confidentiality provision.   Doc. 37-1 at 2-3.   Pursuant to *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."   706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (order adopting report and recommendation) (recommending striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (*quoting Dees*, 706 F. Supp. 2d at 1242).   In fact, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente*, 2014 WL 6389756, at *5 (citing cases).   The parties have cured this deficiency by removing the confidentiality provision.   *See* Doc. 39-1.

The Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. Therefore, the settlement is approved.   The Court notes, however, that there is a pending Motion to Certify Collective Action and Facilitate Notice to Potential Class Members with Incorporated Memorandum of Law ("Motion to Certify," Doc. 16).   Because the settlement as to the only two plaintiffs in this action provides full and final relief to the plaintiffs, the Motion to Certify is

moot.  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (stating "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."); *see also Kennedy v. Simon's Lawn Care, Inc.*, No. 2:15-cv-476-FtM-29CM, 2016 WL 952159, at *1 (M.D. Fla. March 14, 2016) (denying as moot the Plaintiff's pending motion to certify collection action when the settlement as to the only two plaintiffs provided full and final relief to the plaintiffs).

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The Amended Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. 39) is **GRANTED,** and the Settlement Agreement and Release (Doc. 39-1) is **approved** as a fair and reasonable resolution of a bona fide dispute.

2.     Plaintiff's Motion to Certify Collective Action and Facilitate Notice to Potential Class Members with Incorporated Memorandum of Law (Doc. 16) is **DENIED as moot**.

3.     The Clerk shall enter judgment **dismissing** the case with prejudice, terminate all deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record